UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIEL MENDOZA MORA,<br><br>                    Petitioner,<br><br>        v.<br><br>WARDEN, California City Detention Center,<br><br>                    Respondent. | No.  2:26-cv-00573-KES-CDB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Uriel Mendoza Mora is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 3.  The Court has previously addressed the legal issues raised by claim two of the petition.  *See, e.g.*, *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025).

The Court set a briefing schedule on the petition and ordered respondent to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 5.  Respondent states that he reviewed those cases and that those "cases involved individuals detained after entering the United States who were then paroled into the United States, like Petitioner here."  Doc. 6 at 2.  "In each case, this Court found that the petitioners possessed a strong liberty interest."  *Id.*  "Respondent

1

agrees that the factual and legal issues present here are not substantively distinguishable to the aforementioned cases." *Id.* While respondent opposes the petition, he does not raise any new arguments.[1] *See id.* at 1–3.[2]

As respondent has not made any new legal arguments and has not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), and *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025), the petition for writ of habeas corpus is GRANTED as to claim two, for the reasons addressed in those prior orders.[3]

Respondents are ORDERED to release petitioner immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear

---

[1] Two courts of appeal have addressed whether 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens who have resided in the United States without having been admitted. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)). Respondents cite to the *Buenrostro-Mendez* decision. Doc. 6 at 1. The Court finds the analysis in *Castañon-Nava* and in the dissent in *Buenrostro-Mendez* to be more persuasive on the statutory interpretation issue. In any event, the *Buenrostro-Mendez* decision did not address the due process claim at issue in the present case.

[2] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue of whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025. *See* Doc. 6 at 2–3. But here immigration officials did previously encounter petitioner and they released him after implicitly determining that he did not pose a flight risk or a danger, and the issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his *re-detention*. Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

[3] Petitioner's claims that he has been denied access to counsel and prevented from obtaining adequate medical care while in detention, even if they were cognizable in this habeas action, are mooted by the court's order granting petitioner's release. *See* Doc. 1 at 16. The court need not address petitioner's remaining claim as petitioner is entitled to the full relief he seeks based on the Court's ruling on claim two.

and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:    February 27, 2026

UNITED STATES DISTRICT JUDGE

3